Barbara J. Lipshutz (LipshutzLawNYC@gmail.com)
Law Offices of Barbara J Lipshutz PLLC
3671 Hudson Manor Terrace, 7K
Bronx, NY 10463
914-260-7340

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| TODD O'CONNELL ARCHITECT PC, : | |
| *Plaintiff,* : | CASE NO. |
| vs. : | COMPLAINT FOR COPYRIGHT INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, CONVERSION and UNFAIR COMPETITION |
| KURT JACOBS, : | |
| *Defendant.* : | DEMAND FOR JURY TRIAL |
| : | Venue is appropriate in this District because a substantial part of the events or omissions giving rise to the claim occurred herein |

Plaintiff Todd O'Connell Architect PC ("TOC" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

## INTRODUCTION

1. This litigation is to address the actions of Kurt Jacobs, an architect, who substantially copied the Drawings of another architect, TOC, including even typographical errors, removed TOC's name and information from such Drawings and replaced them with his own, and submitted such Drawings to the Department of Buildings of the Town of Hempstead; and, further, built at least one house using such Drawings.

## THE PARTIES

2.Plaintiff TOC is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in Hauppauge, New York, New York.

3.Upon information and belief, Defendant Kurt Jacobs ("Defendant" or "Jacobs") is an architect with offices located at 206 Main Street, Farmingdale, Nassau County, NY 11735.

## JURISDICTION AND VENUE

4.This is an action arising under the Copyright Act, 17 U.S.C. § 501 and the Lanham Act (15 U.S.C. § 1051 et seq.). The further claims alleged herein, are cognizable under the laws of the State of New York, and are pleaded herein under the provision for Supplemental Jurisdiction under 28 U.S.C. § 1367(a) ("Supplemental Jurisdiction Claims").

5.This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because, with respect to the first three claims alleged herein, such claims involve federal questions arising, respectively, under the Copyright Act, as amended, 17 U.S.C. §§ 101 et seq., and the Lanham Act, as amended 15 U.S.C. § 1051 et seq.

6.This Court has Supplemental Jurisdiction over the related state court claims pursuant to 28 U.S.C. §1367 because those claims form part of the same case or controversy as the first three claims alleged herein under Article III of the Constitution.  Plaintiff's state law claims share all common operative facts with its federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

7.Venue in this district is proper pursuant to 28 U.S.C. §§1391(b) and 1400, as a substantial part of the events giving rise to the claim occurred in this District.

## UNDERLYING FACTS

8. TOC is an architectural firm licensed in the State of New York to, *inter alia,* create architectural drawings for the construction of buildings, including homes.

9. In or about April 2017, TOC, at the request of a client, created a drawing for the construction of a home (hereinafter, the "TOC Drawing")

10. The TOC Drawing, on each page, included a clear and unequivocal statement that, "THE DRAWINGS, SPECIFICATIONS AND OTHER DOCUMENTS PREPARED BY [TOC] FOR THIS PROJECT ARE THE INSTRUMENTS OF THE ARCHITECTS SERVICES FOR USE SOLELY WITH RESPECT TO THIS PROJECT AND, UNLESS OTHERWISE PROVIDED, SHALL BE DEEMED THE ARTHUR [sic] OF THESE DOCUMENTS AND SHALL RETAIN ALL COMMON LAW, STATUTORY AND OTHER RESERVED RIGHTS, INCLUDING COPYRIGHT…. THE ARCHITECT'S DRAWINGS SHALL NOT BE USED BY THE OWNER OR OTHERS ON OTHER PROJECTS …."

11. The TOC Drawing also, on each page, included the logo and other identifying information of TOC.

12. TOC is the owner of the copyright in the TOC Drawing.

13. The TOC Drawing was created within this district.

14. Upon information and belief, Defendant obtained a copy of the TOC Drawing, from a source other than TOC.

15. Upon information and belief, the copy of the TOC Drawing obtained by Defendant included the copyright information referred to in paragraph 10 hereof.

16. Upon information and belief, Defendant, without the permission or knowledge of TOC, created a derivative work of the Drawing (the "Infringing Drawing") by substantially copying the TOC Drawing.

17. The Infringing Drawing does not include any notice of copyright of TOC, or otherwise refer to TOC.

18. Upon information and belief, in creating the Infringing Drawing, Defendant removed TOC's copyright notice.

19. The Infringing Drawing includes Defendant's architectural seal, indicating that the document was sourced from or created by Defendant. Such notice communicated to others that Defendant had the legal right to use such Infringing Drawing. Such notice was and is knowingly false and fraudulent.

20. Defendant exploited the Drawing and/or the Infringing Drawing without seeking or obtaining any copyright authorization from TOC to do so.

21. Upon information and belief, Defendant, without the knowledge or permission of TOC, distributed and disseminated the Infringing Drawing to third parties, for use in connection with construction projects.

22. On or about September 15, 2017, Defendant submitted the Infringing Drawing, with Defendant's seal and other copyright information, to Chief Building Inspector of the Town of Hempsted, New York, for approval.

23. Upon information and belief, one or more buildings were thereafter constructed using the Infringing Drawing, or derivative works thereof.

<b>AS AND FOR A FIRST CLAIM<br>WILLFUL COPYRIGHT INFRINGEMENT</b>

24. TOC incorporates herein the contents of Paragraphs 1 through 23 above as though set forth herein at length.

25. The unauthorized copying, distribution, dissemination, display, and other exploitation of the Infringing Drawing by Defendant constitutes willful infringements of TOC's copyright therein, which infringement has profited Defendant, and damaged TOC by diminishing its work and profit opportunities.

26. TOC has received a copyright registration for the Drawing, number VA-2-448-864.

27. Plaintiff has lost substantial business as a result of the wrongful distribution and dissemination of the Infringing Drawing in Defendant's name, and will continue to lose business that otherwise would have been, and would in the future be, obtained by Plaintiff.

## AS AND FOR A SECOND CLAIM

## WILLFUL INFRINGEMENT OF SECTION 1202 OF THE COPYRIGHT ACT

28. TOC incorporates herein the contents of Paragraphs 1 through 27 above as though set forth herein at length.

29. Section 1202(a) of the U.S. Copyright Act provides, in relevant part, that "No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement (1) provide copyright management information that is false, or (2) distribute or import for distribution copyright management information that is false."

30. The reference to Defendant in the Infringing Drawing constituted copyright management information that was false. In particular, such reference falsely led people to believe that Defendant created and owned a copyright in the Infringing Drawing, which is false.

31. Section 1202(b) of the Copyright Act provides, in relevant part, that, "No person shall, without the authority of the copyright owner or the law— (1) intentionally remove or alter any copyright management information, [or] (2) distribute or import for distribution copyright

5

management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law…."

33. In creating the Infringing Drawing, Defendant intentionally removed copyright management information, that is, TOC's name and notice of copyright.

33. Upon information and belief, Defendant distributed and disseminated the Infringing Drawing with the knowledge that copyright management information had been removed.

**AS AND FOR A THIRD CLAIM**

**FALSE DESIGNATION OF ORIGIN
UNDER 15 U.S.C. § 1125**

34. Plaintiff incorporates herein the contents of Paragraphs 1 through 33 above as though set forth herein at length.

35. Section 1125 (a) of the Lanham provides, in relevant part, that "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

36. In removing and superseding Plaintiff's copyright notice from the Drawing, and substituting Defendant's seal on the Infringing Drawing, Defendant has willfully and flagrantly falsely designated the origin of the Infringing Drawing.

## AS AND FOR A FOURTH CLAIM

## CONVERSION

37. TOC incorporates herein the contents of Paragraphs 1 through 36 above as though set forth herein at length.

38. Defendant, by reason of the foregoing, and, in particular, by filing the Infringing Drawing, has wrongfully misappropriated or stolen TOC's authorship credit for the Drawing.

39. Defendant's actions in misappropriating and stealing such authorship credit were intentional and egregious.

40. Defendant's actions cannot be reversed, as the Infringing Drawing is of record with the Department of Buildings.

## AS AND FOR A FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION

41. TOC incorporates herein the contents of Paragraphs 1 through 39 above as though set forth herein at length.

42. TOC, on the one hand, and Defendant, on the other, are both architects, and are competitors of each other.

43. In creating the Infringing Drawing, Defendant misappropriated the work and services of TOC, and has stolen TOC's rightful credit and copyright claim for the Drawing.

44. Defendant's aforesaid theft of Plaintiff's credit and copyright notice for the Drawing were all in furtherance of its efforts, as a competitor of Plaintiff, to get projects for which TOC might otherwise have been hired.

45. Defendant misappropriated the skills, expenditures and labors of TOC and misappropriated for the commercial advantage of Defendant the benefit or property right, that is, the Drawing, belonging to TOC.

46. Defendant acted in bad faith, and out of a dishonest purpose, in connection with the foregoing.

## DEMAND FOR RELIEF

WHEREFORE, TOC demands judgment against Defendant as follows:

A. For and under the First Claim, under Section 501 of the Copyright Act:

   1) awarding TOC the Defendant's profits attributable to the aforesaid infringements, and

   2) awarding TOC any actual damages it sustains which are attributable to the aforesaid infringements; and

B. For and under the Second Claim, under Section 1202 of the Copyright Act:

   1) statutory damages in the amount of $25,000 as a result of Defendants' willful violation, as aforesaid, of TOC's Copyright Management Information, or, in the alternative, the actual damages suffered by TOC as a result of the aforesaid violation, and any profits of Defendant that are attributable to such violation and are not taken into account in computing the actual damages; and

   2) all of TOC's reasonable attorneys' fees in bringing and maintaining this litigation, and

C. For and under the Third Claim for False Designation of Origin, under 15 U.S.C. Section 1125 et. seq.:

1) all of Defendant's profits as a consequence of its aforesaid false designation of origin, and

2) all other damages sustained by TOC as a consequence of Defendant's false designation of origin, and

3) all of TOC's reasonable attorneys' fees in bringing and maintaining this litigation, and

D. For and under the Fourth Claim, under New York State Law, for Defendants' conversion, as aforesaid:

1) all of Defendant's profits as a result of such conversion, and

2) all of TOC's other losses as a result of such conversion, and

3) all of TOC's reasonable attorneys' fees in bringing and maintaining this litigation, and

4) punitive damages in an amount to be determined by this Court but no less than the sum of $250,000 as a consequence of and villainous acts of conversion, as alleged herein, and

E. For and under the Fifth Claim for Unfair Competition under New York State Law:

1) all of Defendant's profits as a result of such Unfair Competition, and

2) all of TOC's losses as a result of such Unfair Competition, and

3) all of TOC's reasonable attorneys' fees in bringing and maintaining this litigation, and

    4) punitive damages in an amount to be determined by this Court but no less than the sum of $250,000 as a consequence of Defendant's acts of Unfair Competition, as alleged herein,

F. TOC demands judgment for such other and further equitable and legal relief as this Court may deem just and appropriate.

DATED: August 3, 2025        LAW OFFICES OF BARBARA J LIPSHUTZ PLLC

/s/Barbara J. Lipshutz_____

Barbara J. Lipshutz
(LipshutzLawNYC@gmail.com)
3671 Hudson Manor Terrace, 7K
Bronx, New York 10463
914-260-7340